UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOHN J. NAPOLITANO,

                     Plaintiff,                             05-cv-4278
                                                            (SJF)(WDW)
     -against-

                                                             **OPINION & ORDER**

ROBERT SALTZMAN AND STATE OF
NEW YORK GRIEVANCE COMMITTEE
AND NEW YORK STATE APPELLATE
DIVISION, SECOND DEPARTMENT STATE
OF NEW YORK,

                     Defendants.
------------------------------------------------------X
FEUERSTEIN, J.

I.     Introduction

*Pro se* plaintiff John J. Napolitano ("Plaintiff") seeks monetary damages from defendants Robert Saltzman, sued in his official capacity as counsel to the New York State Grievance Committee ("Saltzman"), the 'State of New York Grievance Committee' (the "Grievance Committee") and the 'New York State Appellate Division, Second Department, State of New York' (the "Appellate Division") for an alleged violation of Plaintiff's civil rights in violation of 42 U.S.C. § 1983. Plaintiff's complaint is dismissed for the reasons set forth below.

II.    Plaintiff's Pleadings

A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9, 66 L. Ed. 2d 163, 101 S. Ct. 173 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972)). To this end, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276,

280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).[1]

III.     *Sua Sponte* Dismissal

It is well-established that a District Court may *sua sponte* dismiss a frivolous complaint, even if the filing fee has been paid. Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362 (2d Cir. 2000); Pourzandvakil v. Humphry, 94-cv-1594, 1995 WL 316935, at *8 (N.D.N.Y. May 23, 1995) ("[t]he law in this circuit is that a district court may sua sponte dismiss a frivolous complaint even if the plaintiff paid the filing fee") (citing Tyler v. Carter, 151 F.R.D. 537, 540 (S.D.N.Y.1993), aff'd, 41 F.3d 1500 (2d Cir.1994)); cf. Pillay v. Immigration and Naturalization Service, 45 F.3d 14, 17 (2d Cir.1995) (sua sponte dismissal where fee paid); Goldstein v. New York 2000 WL 1880325, *2 (S.D.N.Y. 2000). As the Eleventh Amendment, if applicable, constitutes a jurisdictional bar, this Court will *sua sponte* examine whether the Defendants are amenable to suit.

IV.     Background

Plaintiff, a licensed attorney of the State of New York since December 17, 1958, alleges that his license to practice law in New York was "illegally and improperly suspended in the year[s] 1997 and 2001 for a total period of eight years," allegedly in violation of his due process rights. Although Plaintiff's law license was reinstated on October 15, 2004, he claims that the period during which he could not practice law caused him to "suffer loss of earnings, loss of

---

[1] The Court notes that, as Plaintiff is an attorney, these considerations carry less weight in the instant case than they otherwise might.

reputation, embarrassment . . . and a loss of a law practice that took 40 years to build . . . ." (Cmplt. ¶ 33). Plaintiff filed an action seeking one billion dollars ($1,000,000,000) in the New York State Court of Claims on November 24, 2004, in which he asserted claims similar to those herein. Napolitano v. New York State Grievance Committee, 8 Misc.3d 1007(A) (N.Y.Ct.Cl. May 6, 2005). That action was dismissed on May 6, 2005 on the grounds that (1) the relevant statute of limitations had expired, (2) Plaintiff failed to comply with Court of Claims Act § 11(b), and (3) the Court of Claims does not sit in review of Grievance Committee or Appellate Division actions and "[a]ny right to review the determinations made during the disciplinary process is found within that process itself, not in the guise of a collateral action for damages." Id. Plaintiff initiated the instant action on September 9, 2005.

V.     Analysis

A.     **The State of New York**

The Eleventh Amendment bars, inter alia, suits in federal court for monetary damages against unconsenting states and agencies of such states. Quern v. Jordan, 440 U.S. 332, 338 (1979); Edelman v. Jordan, 415 U.S. 651 (1974); Le Grand v. Evan, 702 F.2d 415, 417 (2d Cir. 1983). The instant action, seeking monetary damages from the state of New York and its subdivisions, falls squarely within the protections of the Eleventh Amendment. New York has not consented to suit, and any claims asserted directly against the state of New York are therefore barred.

B.     **The Grievance Committee and Appellate Division**

Plaintiff's claims against the Grievance Committee and Appellate Division are likewise barred under 'arm of the state' doctrine. Clissuras v. City Univ. of N.Y., 359 F.3d 79, 81 (2d Cir.

3

2004) (holding that 'arms of the state' are protected by Eleventh Amendment immunity). Whether an entity is an arm of the state is determined by examining "(1) the extent to which the state would be responsible for satisfying any judgment that might be entered against the defendant entity, and (2) the degree of supervision exercised by the state over the defendant entity." Clissuras, 359 F.3d at 82 (quotations omitted). Furthermore, "[t]he first of these is the most salient factor in Eleventh Amendment determinations." Id. (quoting Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, 48 (1994)) (quotations omitted). Applying this analysis to the instant action, it is clear that both the Grievance Committee and Appellate Division are arms of the state, and therefore entitled to Eleventh Amendment immunity. Dube v. State Univ. of New York, 900 F.2d 587, 594-95 (2d Cir.1990), cert. denied 501 U.S. 1211 (1991); Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 39-40 (2d Cir. 1977). See also Zuckerman v. Appellate Div., Second Dep't Sup.Ct., 421 F.2d 625, 626 (2d Cir. 1970); Mathis v. Clerk of First Dep't, Appellate Div., 631 F.Supp. 232, 235 (S.D.N.Y. 1986); Sassower v. Mangano, 927 F. Supp. 113, 121 (S.D.N.Y. 1996); Goldstein, 2000 WL at *2.[2]

C. Robert Saltzman

The Eleventh Amendment also bars actions against state officials sued in their official capacities where the state is the real party in interest. Kentucky v. Graham, 473 U.S. 159, 169 (1985). In the instant action, Plaintiff alleges that Robert Saltzman is being sued as an "agent, employee, or member of the State of New York Grievance Committee." (Cmplt. ¶ 4). See

---

[2]Furthermore, the Appellate Division and the Grievance Committee are not "persons" within the meaning of § 1983, and therefore not subject to suit under that statute. Zuckerman v. Appellate Div., Second Dep't Sup.Ct., 421 F.2d 625, 626 (2d Cir.1970); Mathis v. Clerk of First Dept., Appellate Div., 631 F. Supp. 232, 235 (D.N.Y. 1986); Sassower v. Mangano, 927 F. Supp. 113, 121 (S.D.N.Y. 1996).

Capello v. the State of New York, 125 F. Supp. 2d 75, 80 (S.D.N.Y. 2000); Sassower v. Mangano, 927 F. Supp. 113 (S.D.N.Y. 1996). He is therefore protected from suit by the Eleventh Amendment.

VI.   Conclusion

For the reasons set forth above, Plaintiff's complaint is dismissed with prejudice. The Clerk of Court is directed to close this case.

/s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: September 21, 2005
Central Islip, New York